UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GERARD JOSEPH PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV421-108 |
| | ) |
| SAVANNAH POLICE DEPARTMENT, | ) |
| ROY MINTOR, | ) |
| MICHEAL GREEN, | ) |
| *Detective, Official Capacity*, | ) |
| JOHN BEST, | ) |
| *Detective, Official Capacity*, and | ) |
| GREG THOMAS, | ) |
| *Detective, Official Capacity*, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is defendants Savannah Police Department, Best, Green, and Thomas' motion to dismiss. Doc. 4. Plaintiff has filed a response. Doc. 7. For the following reasons, the Court **RECOMMENDS** that the motion be **GRANTED** and the Complaint be **DISMISSED**.

## BACKGROUND

Proceeding *pro se,* Plaintiff brings claims under 42 U.S.C. § 1983, alleging mistaken identity (arresting the wrong person), unlawful search

and seizure, and unspecified constitutional violations. Doc. 1 at 2–3. His Complaint provides virtually no factual support or context for these allegations. *See generally* doc. 1. Via special appearance, defendants filed a motion to dismiss based on the failure of the Complaint to state a claim on which relief can be granted. Doc. 4. Defendants specifically argue that dismissal with prejudice should be granted because the claims arising from plaintiff's 1996 arrest are barred by the applicable statute of limitations and are also precluded by the doctrine of claim splitting because of a prior case brought by plaintiff based on the same underlying facts and against the same defendants. *Id.*; *see also Pugh v. Green, et. al.*, CV4:19-251 (S.D. Ga Sep. 30, 2019).[1]

Though plaintiff provided a response, it offered little additional factual support for his claims. *See* doc. 7. Instead, it posed several rhetorical questions to opposing counsel, inquiring if the defendants took any action to address the alleged unlawful conduct. *Id.* The only argument to which plaintiff directly responded was defendants' position that dismissal should be with prejudice. Doc. 7 at 1. Plaintiff cites to his

---

[1] Plaintiff acknowledges this case in his Complaint, but incorrectly asserts that it has been dismissed. *See* doc. 1 at 9–10.

response to a motion to dismiss filed in a parallel case against the same defendants, in which he asserted that the time for filing his complaint was tolled during his incarceration. *Id.* (citing *Pugh v. Green*, CV419-251, doc. 14 (S.D. Ga. Nov. 24, 2020).

## ANALYSIS

### I.  Standard of Review

Defendants seek dismissal of plaintiff's case for failure to state a claim, on the grounds that the claims are barred by the applicable statute of limitations and the doctrine of claim splitting. A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) (*per curiam*) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the facts alleged as true and construes all reasonable inferences in the light most

favorable to the plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009); *see* Fed. R. Civ. P. 12(b)(6). Even under this relaxed standard, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## II. Statute of Limitations

As a statute of limitation typically functions as an affirmative defense around which plaintiffs are not required to plead in their complaint, it generally cannot support a motion to dismiss. *La Grasta v. First Sec., Inc.*, 358 F.3d 840, 845–46 (2004). The only exception being where it is "'apparent from the face of the complaint' that the claim is time-barred." *Id.* at 845 (quoting *Omar v. Lindsey*, 334 F.3 1246, 1247 (11th Cir. 2003)). Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be

reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

The Complaint is bare of virtually all facts supporting plaintiff's claim. In fact, the only relevant factual information provided is that the events underlying his claims occurred on December 2, 1996. Doc. 1 at 4–5. The Complaint suggests that on this date plaintiff was subjected to an unwarranted search and arrest at the "Chatham County Police headquarters" on Habersham Street resulting from a mistake of identity. Doc. 1 at 3–4. There is no suggestion in the pleadings that plaintiff was unaware, or could not have been aware, at that time of the facts supporting his current claims. *Cf. Wallace*, 549 U.S. at 397 (holding "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006) (unlawful search and seizure claim "would have become apparent to a person with a reasonably prudent regard for his rights" during an early stage of the criminal prosecution). Therefore, the

statute of limitations expired on December 2, 1998, more than 22 years before this case was filed.

Plaintiff argues that the statute of limitations should have been tolled during his period of incarceration.  Doc. 7 at 1.  Generally, tolling rules are provided by state law.  *See, e.g., Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008).  Georgia law does not recognize the pendency of collateral litigation or incarceration as a ground for tolling the statute of limitations.  *See* O.C.G.A. §§ 9-3-90-99 (identifying circumstances tolling the statute of limitations, but not including pending collateral litigation).  Plaintiff has pointed to no authority supporting his belief that his incarceration warrants tolling of the statute of limitations and the Court is aware of none.  *Cf. Wallace*, 549 U.S. at 387–97 (holding that the statute of limitations for a § 1983 claim based on an allegation of false arrest begins to run at the time defendant is detained pursuant to legal process and is not tolled by conviction).

The Court might construe plaintiff's response as an argument for the application of equitable tolling, which allows for a statute of limitations to be tolled when the untimely filing is due to "extraordinary circumstances that are both beyond [plaintiff's] control and unavoidable

with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999). Equitable tolling is "an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted). As plaintiff has not pointed to any extraordinary impediment preventing his ability to file this Complaint before the statute of limitations expired, or at any point in the last twenty years, it is time-barred. *See Salas*, 297 F. App'x at 877 ("Because [plaintiff] fails to show how his pending habeas petition created an extraordinary circumstance so that he could not file his § 1983 action, the district court did not err by refusing to toll the statute of limitations."). The statute of limitations ran on plaintiff's claims more than two decades before the complaint was filed; therefore, the claims are time-barred and defendants' motion to dismiss should be **GRANTED**. Doc. 13.

### III. Claim Splitting

Defendants also assert that dismissal is appropriate under the claim-splitting doctrine. Doc. 4 at 1. Impermissible claim splitting occurs when a plaintiff files before a court multiple cases against the same defendant alleging claims arising from a single set of facts. *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 840–41 (11th Cir. 2017) (citing *Katz*

*v. Gerardi*, 655 F.3d 1212, 1214 (11th Cir. 2011); *see also Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time" (internal citation omitted)). Such duplicative litigation is "prohibited because it wastes judicial resources and the resources of litigants, it is inefficient, and it poses the danger of inconsistent judgments." *Canady v. Centurion of Florida, LLC*, 2021 WL 1200898, at * 3 (S.D. Fla. Feb. 16, 2021) (citing *Vanover*, 857 F.3d at 844).

A two-factor test is applied to determine whether a plaintiff's multiple claims amount to impermissible claim-splitting. The Court must consider "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Vanover*, 857 F.3d at 841–42. Under this test, "lawsuits 'arise from the same transaction' when they are 'based on the same nucleus of operative facts.' A separate lawsuit will be permitted only if it 'raises new and independent claims, not part of the previous transaction, based on the new facts.'" *Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 255 (11th Cir. 2018 (quoting *Vanover*, 857 F.3d 842)). As claim-splitting is "concerned with the district court's comprehensive

management of its docket," its allowance by the Court is discretionary. *Vanover*, 857 F.3d at 841 (quoting *Katz*, 655 F.3d at 1218).

Plaintiff previously filed a lawsuit before this Court against the Savannah Police Department, Best, Green, and Thomas. *See Pugh v. Green*, CV4:19-251 (S.D. Ga. Sep. 30, 2019). As with this case, plaintiff provided few facts and did not clearly articulate his claims. *Compare* doc. 1 *with Pugh v. Green*, CV4:19-251, doc. 1 (S.D. Ga. Sep. 30, 2019). The Complaint does, however, state that its claims are based on an arrest occurring at the Habersham Street police precinct on December 2, 1996. *See, id.* at 3–4. As both the instant Complaint and plaintiff's 2019 Complaint raise claims derived from the same occurrence against identical defendants, this Complaint should be **DISMISSED** for impermissible claim splitting.

## CONCLUSION

Accordingly, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**, doc. 4, and the Complaint **DISMISSED with prejudice**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 27th day of May, 2021.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA