IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GERARD JOSEPH PUGH,           )
                              )
     Plaintiff,               )
                              )
v.                            )     CASE NO. CV421-108
                              )
SAVANNAH POLICE DEPARTMENT;   )
ROY MINTOR; MICHEAL GREEN,    )
Detective, Official Capacity; )
JOHN BEST, Detective, Official)
Capacity; and GREG THOMAS,    )
Detective, Official Capacity; )
                              )
     Defendants.              )
                              )

## O R D E R

Before the Court is the Magistrate Judge's May 27, 2021, Report and Recommendation (Doc. 11), to which Plaintiff has filed objections (Doc. 12). After a careful de novo review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.**

Plaintiff brings claims under 42 U.S.C. § 1983 based on a 1996 arrest.[1] (Doc. 1 at 5.) In his report and recommendation, the Magistrate Judge recommended dismissal of this case on two

---

[1] Plaintiff filed another case in this Court involving the same parties and underlying facts. (See CV419-251, Doc. 1.) In that case, the Court adopted the Magistrate Judge's recommendation to grant the defendants' motion to dismiss and dismiss Plaintiff's complaint. (CV419-251, Doc. 23.)

independent grounds. First, the Magistrate Judge recommended granting Defendants' motion to dismiss, finding that the statute of limitations ran in this case more than two decades before it was filed. (Doc. 11 at 3-7.) Second, the Magistrate Judge recommended dismissal based on the claim-splitting doctrine. (Id. at 7-9.) In his objections, Plaintiff only addresses the Magistrate Judge's findings on the timeliness of Plaintiff's claims. (Doc. 12.)

Plaintiff contends that his filing is not untimely because "state policy" required him to exhaust all state and federal remedies before filing a federal civil action. (Doc. 12 at 3-4.) Plaintiff appears to argue that this exhaustion requirement should take precedence over the statute of limitations in his case. (Id. at 7.) However, the Court finds no such exhaustion requirement exists in Plaintiff's case brought under 42 U.S.C. § 1983. Accordingly, the Court will not disregard the statute of limitations imposed by Supreme Court precedent and Georgia statute. See Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007) (explaining that 42 U.S.C. § 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law); O.C.G.A. § 9-3-33 (establishing a two-year statute of limitations for personal-injury torts).

A plaintiff's untimely filing can be excused if the limitations period was tolled. Like the limitations period itself, "state law generally determines tolling rules." Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (citing Wallace, 549 U.S. at 393-96, 127 S. Ct. at 1098-99). Plaintiff seems to argue that the statute of limitations should be tolled as he is seeking to correct a miscarriage of justice. (Doc. 12 at 6.) This is not a statutorily recognized reason for tolling. See O.C.G.A. §§ 90-3-90-99. Nor is the pendency of habeas or other civil actions. Id. Plaintiff also fails to present any "extraordinary" circumstance that might support equitable tolling. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.") (quotation omitted). As Plaintiff's claims are clearly precluded by the statute of limitations, Defendants' motion to dismiss (Doc. 4) is **GRANTED**.[2]

---

[2] It appears that Plaintiff has confused the restrictions applicable to habeas corpus actions with those applicable to more general civil suits. Plaintiff has filed a claim for civil damages under 42 U.S.C. § 1983, based on an alleged deprivation of certain rights by state actors. (Doc. 1 at 3.) Habeas actions, alternatively, concern the legality of a person's confinement at the time of the action and allow only for an immediate or more speedy release. See Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S. Ct. 1827, 1838, 36 L. Ed. 2d 439 (1973) (the only available remedy through a habeas action is "immediate or more speedy release"). It is true that an individual cannot pursue habeas relief from the federal courts until he has exhausted all available means of challenging his conviction under state law and that the statute of limitations for filing a federal habeas action is tolled during

3

Therefore, Plaintiff's objections (Doc. 12) are **OVERRULED** and the report and recommendation (Doc. 11) is **ADOPTED** as the opinion of the Court. Defendants' motion to dismiss (Doc. 4) is **GRANTED** and Plaintiff's complaint (Doc. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 27th day of August 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

the pendency of appellate review and state habeas proceedings. 28 U.S.C. § 2244(b)(1)(A) and (d)(1)(A). No such limitation, however, exists for the filing of non-habeas claims.